UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEFFERY JOHNSON                                                                                                PLAINTIFF

v.                                          CIVIL ACTION NO. 3:22CV-P239-JHM

LT. MILACHECK *et al.*                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffery Johnson filed the instant *pro se* 42 U.S.C. § 1983 action. The case is before the Court upon initial review pursuant to 28 U.S.C. § 1915A. By prior Order (DN 17), the Court granted Plaintiff's motion to supplement the complaint in which Plaintiff made additional factual allegations against Defendant Lt. Howard. Therefore, the Court will consider both Plaintiff's complaint (DN 1) and supplemental complaint (DN 11) upon initial review. For the reasons stated below, the Court will allow two claims to proceed and dismiss the other claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was a convicted inmate at the Kentucky State Reformatory (KSR) at the time pertinent to the events. He has since been transferred to the Calloway County Jail. Plaintiff sues the following KSR officers in their individual and official capacities: Lt. Milacheck, Warden Anna Valentine, Deputy Warden Phillip Cambell, Lt. Dana Peninger, and Lt. Howard.

Plaintiff states that in April, May, and June 2021 he received "multiple write ups" at KSR. He states, "During the investigation Plaintiff told investigators that the Constitution forbids punishment of mentally ill people for actions caused or influenced by their mental illness." He states that he pleaded not guilty in court call and that Defendant Milacheck was "informed in front of legal aid & on tape with Plaintiff's counsel present . . . that Lt. Milacheck could not be a court call officer in Plaintiff cases because his wife is a Defendant in a multimillion dollar lawsuit with

Plaintiff." Plaintiff reports that Defendant Milacheck's wife is a Defendant in another case he filed in this Court, *Johnson v. Thompson*, Civil Action No. 3:21-cv-414-CRS. Plaintiff maintains that Defendant Milacheck "refused to remove his self from the case and then in retaliation took 270 days good time and through Plaintiff in segregation for 90 days." He asserts that he "would have went home on MRS in June 2021 if not for Lt. Milacheck retaliating against him." He states, "Plaintiff is not responsible for actions in write ups caused by Plaintiff's mental illness and write ups should have been dismissed if not for Lt. Milacheck retaliating against Plaintiff."

Plaintiff reports that he appealed the disciplinary conviction and that Defendants Valentine and Cambell denied the appeal and in doing so "retaliated against me as well" because they are "in fact Defendants in the same lawsuit" he references above. Plaintiff states, "They retaliated against me took my good time through me in segregation denied my appeal and wrongfully imprisoned me now my point score is so high that I can[not] qualify for MRS." He states that he now has to "serve out 510 extra days in prison and I had to do 90 days in segregation."

Plaintiff states that he has "received more write ups Im not responsible for because of my mental illness Im in fact housed in a mental health dorm/building and now goin to lose even more good time and be held even longer when I should not even be here to receive there write ups." He states that Defendants Milacheck, Valentine, and Cambell have denied him due process and "acted with deliberate indifference toward me . . . ." He also states that they have "denied me access to the court system witch is forbidden by the Constitution." He also maintains that Defendants have violated the Ex Post Facto Clause and alleges "malicious and vindictive prosecution."

Plaintiff further states that he is "being retaliated against by Officer Lt. Dana Peninger and Mr. Peninger keep writing Plaintiff up and doing fraudulent investigation against Plaintiff that result in good time loss & segregation time in retaliation for being named as a Defendant" in three

other cases filed in this Court – *Johnson v. Young*, Civil Action No. 3:-21-cv-411-GNS; *Johnson v. Evans*, Civil Action No. 3:21-cv-742-RGJ; and *Johnson v. Thompson*, Civil Action No. 3:21-cv-414-CRS. He alleges that Defendant Peninger violated his right to due process and acted with deliberate indifference.

Plaintiff also reports that he was called to court call on April 26, 2022, and that Defendant Howard, who he states is a Defendant in another case he filed in this Court, *Johnson v. Evans*, Civil Action No. 3:21-cv-742-RGJ, "retaliated against me acting with deliberate indifference toward me" and violated his right to due process by imposing thirty-eight more days of segregation and thirty days of canteen restriction. He states that Defendant Howard violated the Ex Post Facto Clauses "as well as DOC/KSR policy and procedures . . . which state that Im are entitled to a impartial hearing officer in prison disciplinary proceedings."

In his supplemental complaint, Plaintiff states he was again retaliated against "by Defendant Lt. Howard on 7-28-22 at Court Call Lt. Howard retelated against me and took 60 more days good time from me after I had a mental health crisis and was locked in segregation with no mental health care & no shower for a week." He states that he is entitled to an impartial hearing officer.

As relief, Plaintiff seeks compensatory and punitive damages; preliminary injunctive relief and a temporary restraining order; and "seize & disist order; good time restored, and released from prison."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Official-capacity claims

Each of the Defendants are employees or officers of the Commonwealth of Kentucky. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject

to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against all Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

With regard to Plaintiff's demand for injunctive relief, an inmate's release from prison or transfer to another prison moots his request for injunctive relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff is no longer incarcerated at KSR, his request for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff requests that his good-time credit be restored or requests release from incarceration, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff's claim for immediate or speedier release from custody must be dismissed for failure to state a claim.

### B. Individual-capacity claims

#### 1. Violation of due process

Plaintiff alleges that Defendants violated his right to due process by filing and investigating prison disciplinary charges against him. Plaintiff maintains that "the Constitution forbids punishment of mentally ill people for actions caused or influenced by their mental illness."

5

However, Plaintiff is not absolved from responsibility for prison infractions because he has a mental illness. Plaintiff may raise his mental illness as a defense in a prison disciplinary hearing, but an inmate possesses no right to be free from a charge or conviction of a prison disciplinary offense. *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Therefore, Plaintiff's due process claims against all Defendants based merely on their filing or investigating charges against him for actions allegedly caused by his mental illness must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff also claims that Defendants violated his right to due process by adjudicating his prison disciplinary proceedings and denying his appeals. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). The requirement that the prior criminal action ended favorably for the accused "precludes the possibility of [Plaintiff] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 484 (internal quotation marks omitted). The favorable termination requirement of *Heck* also applies to prisoner allegations of due process violations in prison disciplinary hearings. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff was found guilty in the disciplinary proceedings about which he complains. There is no indication in the complaint or attachments that his disciplinary convictions have been

reversed or otherwise invalidated. If this Court were to find a violation of due process, such a finding would necessarily render his disciplinary proceedings invalid. Accordingly, Plaintiff's claims challenging the disciplinary proceedings are not cognizable, and his claims for violation of the Due Process Clause must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent that Plaintiff's disciplinary proceedings resulted in him receiving disciplinary segregation, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution, a particular part of an institution, or a particular security classification, unless the state has created a liberty interest in remaining at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 847, 876 (6th Cir. 1986). This is not the case in Kentucky where classification, segregation, and transfer of prisoners are within the discretion of Kentucky Department of Corrections (KDOC). Ky. Rev. Stat. § 197.065. Therefore, Plaintiff's due process claim based on placement in segregation must be dismissed for failure to state a claim.

**2. Retaliation**

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The Court will assume for the purposes of this initial review that Plaintiff has satisfied the first and second prong for stating a retaliation claim.

With regard to the third prong, "retaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833

F.2d 106, 108 (7th Cir. 1987)). Thus, a plaintiff may rely on circumstantial evidence, but he must still provide "specific, nonconclusory allegations" linking his conduct to a defendant's retaliatory act. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A plaintiff may allege a chronology of events from which a defendant's retaliatory animus could reasonably be inferred. *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citations omitted). However, courts are "reluctant to find retaliatory motive from temporal proximity alone when that proximity is not 'extremely close.'" *Briggs v. Westcomb*, 801 F. App'x 956, 960-61 (6th Cir. 2020) (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010)); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive). Other evidence courts examine to determine retaliatory motive include statements by defendants or the disparate treatment of other prisoners in the same circumstances. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010); *see also Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010).

### a. Defendants Milacheck and Howard

<u>Upon review, the Court will allow Plaintiff's retaliation claim to proceed against Defendants Milacheck and Howard in their individual capacities for damages</u>.

### b. Defendants Valentine and Cambell

Plaintiff maintains that Defendants Valentine and Cambell denied his appeals of disciplinary convictions in retaliation for him suing them in another action he filed in his Court, *Johnson v. Thompson*, Civil Action No. 3:21-cv-414-CRS. The complaint contains no material facts to support a retaliatory motive on the part of Defendant Valentine or Cambell. Plaintiff provides no dates which would indicate temporal proximity between the two events. Nor does Plaintiff allege any statements by Defendants or different treatment given to other prisoners to suggest Defendants were motivated by retaliation. He relies merely on conclusory statements of retaliation, which are not sufficient to state a claim. *See Harbin-Bey*, 420 F.3d at 580.

Construing the complaint broadly, the Court observes that Court records show that Plaintiff filed his lawsuit naming Defendants Valentine and Cambell, among the nineteen total Defendants sued in the action, on June 25, 2021 (Civil Action No. 3:21-cv-414-CRS, DN 1). As exhibits to the complaint, Plaintiff attaches records from five disciplinary actions taken against him in April and May of 2021 (DN 1, PageID.65-88). Plaintiff's disciplinary records show that Defendant Valentine concurred with the Adjustment Committee's findings in two disciplinary appeals on May 14, 2021 (DN 1, PageID.83, 88), over a month before Plaintiff filed his action naming her as a Defendant. Similarly, the disciplinary records show that Defendant Cambell concurred with the Adjustment Committee's decision in three appeals on June 23, 2021 (*Id.*, PageID.68, 73, 78),[1] two days before Plaintiff filed his action naming him as a Defendant. Plaintiff gives no indication that Defendant Valentine or Cambell was aware that Plaintiff intended to sue them.

Upon review, the complaint is devoid of factual allegations concerning retaliatory motive, and the disciplinary records attached to the complaint show that the alleged adverse action was

---

[1] The records show that they were signed "Phillip T. Campbell" under "Warden's Review Signature." The Court construes this to be same person as Defendant Cambell.

taken before the alleged protected conduct occurred. "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted). The Court finds that Plaintiff has failed to allege a retaliatory motive on the part of Defendant Valentine or Cambell. Accordingly, Plaintiff's retaliation claims against Defendants Valentine and Cambell will be dismissed for failure to state a claim.

### c. Defendant Peninger

Plaintiff claims that Defendant Peninger "[kept] writing Plaintiff up and doing fraudulent investigation against Plaintiff that result in good time loss & segregation time" in retaliation for Plaintiff suing him in three actions in this Court. Once again, Plaintiff states no factual allegations in the complaint to indicate that Defendant Peninger was motivated by retaliation, instead of reacting to Plaintiff's conduct as a corrections officer at KSR.

Construing the complaint broadly, the Court's records show that Plaintiff filed the three actions he references against Defendant Peninger on June 23, 2021 (Civil Action No. 3:-21-cv-411-GNS, DN 1); June 25, 2021 (Civil Action No. 3:21-cv-414-CRS); and December 15, 2021 (Civil Action No. 3:21-cv-742-RGJ). The disciplinary records attached to the complaint refer to Defendant Peninger in three of the write-ups. In two write-ups dated April 15 and 16, 2021, Defendant Peninger was listed as the investigating officer and conducted an interview of Plaintiff on April 21, 2021 (DN 1, PageID.80-81, 84-85). In a third write-up dated May 4, 2021, Defendant Peninger is listed as "Other Staff Involved, " but it is not clear from the records what his involvement was (*Id.*, PageID.70). Each of these disciplinary actions and investigations by Defendant Peninger was taken before Plaintiff filed his lawsuits against him in June and December

of 2021 and therefore could not have been taken in retaliation for Plaintiff's stated protected conduct. Therefore, Plaintiff has failed to state facts to support a retaliatory motive by Defendant Peninger, and the retaliation claim against him must be dismissed for failure to state a claim.

### 3. Malicious prosecution

Plaintiff also alleges malicious prosecution. Assuming for the purposes of this initial review only that an inmate can allege a malicious prosecution claim in the context of prison disciplinary proceedings, Plaintiff's malicious-prosecution claim fails because the charges against him were not terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 484, 489-490 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Therefore, Plaintiff's claim for malicious prosecution will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Deliberate indifference

Plaintiff alleges that Defendants acted with deliberate indifference to him in violation of the Eighth Amendment. The Eighth Amendment protects against cruel and unusual punishments. The complaint does not allege excessive force or conditions of confinement that give rise to an Eighth Amendment claim. Plaintiff's allegations concerning his disciplinary proceedings are to be analyzed under the Fourteenth Amendment's Due Process Clause and the First Amendment, as discussed above. Therefore, Plaintiff's deliberate indifference claims against all Defendant must be dismissed for failure to state a claim upon which relief may be granted.

### 5. Denial of access to courts

Plaintiff also maintains that he was denied access to the courts. Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state a claim for a denial of access to the courts, a prisoner

must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual any injury to any past or pending litigation. In fact, Plaintiff has filed approximately fifteen lawsuits in this Court within the last two years and has filed a numerous motions in these actions. Therefore, Plaintiff's access-to-courts claim must be dismissed for failure to state a claim.

### 6. Ex Post Facto Clause

Plaintiff also alleges violation of the Ex Post Facto Clause. "The Constitution's two Ex Post Facto Clauses prohibit the Federal Government and the States from enacting laws with certain retroactive effects." *Stogner v. California*, 539 U.S. 607, 610 (2003) (citing Art. I, § 9, cl. 3 (Federal Government); Art. I, § 10, cl. 1 (States)). "[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (citing *Beazell v. Ohio*, 269 U.S. 167 (1925)).

Plaintiff identifies no law he claims to have violated the Ex Post Facto Clause or how any of the Defendants would be responsible for the enactment of such a law. Moreover, his ex post

12

facto claim fails because "a prison disciplinary infraction is not a crime [and] because a [corrections] policy is not a statute[.]" *Lindsey v. McKie*, No. 9:11-695-MBS, 2012 U.S. Dist. LEXIS 36693, at *17 (D.S.C. Mar. 19, 2012) (internal quotations omitted). Accordingly, Plaintiff's claim under the Ex Post Facto Clause must be dismissed for failure to state a claim.

### 7. Failure to follow prison policies and procedures

Plaintiff also alleges that Defendants failed to follow KDOC policies and procedures in various ways. However, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claims based on failure to follow KDOC policies and procedures will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims; claims for injunctive relief; and individual-capacity claims for violation of due process, malicious prosecution, deliberate indifference, denial of access to courts, violation of the Ex Post Facto Clause, and failure to follow prison policies and procedures are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claims against Defendants Valentine, Cambell, and Peninger in their individual capacities are **DISMISSED** pursuant to

13

28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed to terminate** Defendants Valentine, Cambell, and Peninger as parties to the action since no claims remain against them.

The Court will enter a separate Service and Scheduling Order governing the claims which will be allowed to proceed.

Date:   May 23, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants Milacheck and Howard
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010